United States District Court
Southern District of Texas
ENTERED

JUL 1 9 2005

Michael N. Milby, Clerk of Court
By Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
—BROWNSVILLE DIVISION—

| | | |
|---|---|---|
| JUAN PEQUEÑO, Appellant. | § § § § | |
| VS. | § § § | CIVIL ACTION NO. B-05-135 |
| AURORA LOAN SERVICES INC., ET AL, Appellee. | § § | |

## MEMORANDUM OPINION AND ORDER DENYING RECONSIDERATION AND RESTATEMENT OF APPELLANTS CASE

This Court has before it Juan Pequeño's (hereinafter Appellant or Debtor) Motion to Reconsider Order of Dismissal and Motion to Reinstate Appellant's Case. *Docket No. 8.* On May 27, 2005, as a result of Appellant's failure to pay appropriate filing fees, this Court dismissed Appellant's appeal from a bankruptcy court order without prejudice. *Docket No. 7.* After consideration of the Appellant's arguments and the relevant law, this Court hereby **DENIES** Appellant's Motion to Reconsider Order of Dismissal (*Docket No. 8*), but **GRANTS** Appellant leave to pay the prescribed appellate fees in order to reinstate his appeal no later than 5:00 p.m. on August 12, 2005. The requirement that prescribed appellate fees be paid does not violate due process because bankruptcy is a privilege and not a right. Furthermore, waiver of fees is inappropriate in this case because automatic waiver is not required and Debtor is not a "debtor in possession." Nonetheless, given that Debtor's appeal was dismissed without prejudice, this Court grants Appellant until aforementioned time to pay the prescribed appellate fees in order to reinstate his appeal.

## DISCUSSION

Appellant argues that this Court should reconsider its dismissal of his appeal because he has a constitutional right to have his appeal heard and that, as a Chapter 13 debtor, his fees should have been automatically waived. *Docket No. 8*. He claims that he is a "debtor in possession" under Judicial Conference Bankruptcy Court Miscellaneous Fee Schedule (15), issued pursuant to 28 U.S.C. § 1930(b). *Id.* Alternatively, Debtor argues that even if his fees were not automatically waived, this Court should reinstate his case and allow him to pay the prescribed fees, which he is "able and ready to do." *Id.*

First, the requirement that the prescribed appellate bankruptcy fees be paid before the appeal is heard does not violate due process because bankruptcy is a privilege, but not a right. *See United States v. Kras*, 409 U.S. 434, 446 (1973). Additionally, given that Pequeño's appeal was dismissed without prejudice, upon the payment of prescribed appellate fees he would have been free to re-docket his appeal, absent the filing of an appeal of this Court's dismissal to the Fifth Circuit or the expiration of any applicable time limits. In *Kras,* the Supreme Court held that 28 U.S.C. § 1915 (authorizing the waiver of fees upon filling of pauperis affidavit) was not available in bankruptcy. *Id.* at 440. Later, Congress adopted the same result by separating the filling fees applicable to bankruptcy cases by adding § 1930 to Title 28, which states in relevant part: "(a) Notwithstanding section 1915 of this title, the parties commencing a case under title 11 shall pay...the following fees". *See* 28 U.S.C.A. § 1930(a) (West 2005). Further, even though some courts have held that appellate fees may be waived because § 1930(b) (authorizing the issuance of appellate fees) does not contain any specific language removing it from the operation of § 1915, waiver pursuant to § 1915 is inapplicable in this case because Debtor is "able and ready" to pay said fees. *See Lu v. Ravida (In Re Ravida)*, 296 B.R. 278, 281–82 (B.A.P. 1st Cir. 2003); *see also* 28 U.S.C.A. § 1915 (West 2005); 28 U.S.C.A. § 1930 (West 2005).

Second, waiver pursuant to Judicial Conference Bankruptcy Court Miscellaneous Fee Schedule (15) is inappropriate in this case because this schedule does not require the automatic waiver of appellate fees, but simply states that "if a trustee or debtor in possession is the appellant, the fee should be payable only from the estate and to the extent there is any estate realized." Furthermore, appellant as a Chapter 13 debtor is not a "debtor in possession" under the Bankruptcy Code. *See In re Hughes*, 704 F.2d 820, 822 (5th Cir. 1983); *see also* 11 U.S.C.A. § 1101 (West 2005); 1-327 COLLIER BANKRUPTCY MANUAL, P 327.01 (3d ed. revised 2005). "The debtor in a Chapter 13 is not the same as a Chapter 11 debtor-in-possession." *In re Bruce*, 96 B.R. 717, 720 (Bankr. D. Tex. 1989); *see also In re Redditt*, 146 B.R. 693, 697 (Bankr. D. Miss. 1992). Appellant "ignores the fact that the term 'debtor in possession' is a defined term for Chapter 11." *See Miller v. Brotherhood Credit Union (In re Miller)*, 251 B.R. 770, 773 (Bankr. D. Mass. 2000). The Bankruptcy Code specifically defines a Chapter 11 debtor as a "debtor in possession," but not a Chapter 13 debtor. *See* 11 U.S.C.A. § 1101 (in this chapter... "debtor in possession" means debtor). Similarly, an ordinary Chapter 13 debtor is only granted some of the powers of a trustee and does not become an officer of the court or assume any superior legal status with respect to his former position. *See Hughes*, 704 F.2d at 822; *see also* 11 U.S.C.A. § 1303 (West 2005); *In re Hannah*, 316 B.R. 57, 62 (Bankr. D.N.J. 2004). Unlike a Chapter 13 debtor, a Chapter 11 debtor is a "debtor in possession" who occupies the shoes of a trustee in every way; a Chapter 11 debtor enjoys the rights and must fulfil the duties of a trustee. *Id.*; *see also* 11 U.S.C.A § 1107 (West 2005) (a debtor in possession shall have all the rights, other than the right to compensation, and powers, and shall perform all the duties and functions...of a trustee...). Hence, Appellants fees were not automatically waived and as "a Chapter 13 Debtor [he] does not occupy the same legal status as a debtor-in-possession in a Chapter 11, who is a legal entity separate from the debtor." *See In re Hannah*, 316 B.R. at 62.

## CONCLUSION

For these reasons, the Appellant's Motion to Reconsider Order of Dismissal (*Docket No. 8*) is hereby **DENIED**. This Court **GRANTS** Appellant until 5:00 p.m., August 12, 2005, to pay the prescribed appellate fees in order to reinstate his appeal.

Signed in Brownsville, Texas, this 15th day of July, 2005.

Andrew S. Hanen
United States District Judge